**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RANDOLPH S. BARNES, ET AL.,** | ) | **CASE NO.1:06CV574** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **FIRST AMERICAN TITLE INS. CO., ET AL.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint to Substitute Class Representatives (ECF Dkt# 34). For the following reasons, Plaintiffs' Motion is denied.

Plaintiffs seek to substitute Randolph and Stacie Barnes as potential class representatives, replacing them with Dean and Aimee Hickman. The reason for the desired substitution is Plaintiffs Randolph and Stacie Barnes are presently involved in litigation in Cuyahoga County Probate Court. Mr. Barnes' brother asserts the deed for the subject property that was subsequently refinanced by the Barnes was forged or obtained by fraud. The refinancing for the

1

property is the subject of the present suit.  Therefore, Plaintiffs' counsel does not believe the Barnes can adequately represent the class and seeks substitution by way of amendment.

Defendant contests the Motion for Leave, arguing it has substantial counterclaims against Plaintiffs that are unique to them and, in the absence of a stipulated dismissal, the Plaintiffs cannot, in effect, dismiss themselves from the present action.  Second, they contest Plaintiffs had prior knowledge of the claims by Mr. Barnes brother since the probate matter was filed ten months before this class action was filed.  Third, substitution is inappropriate as the proposed Second Amended Complaint does not assert new claims but rather seeks a wholesale substitution of parties with different facts and discovery.  Fourth, since this case has been pending for ten months and substantial discovery has been completed, there is significant prejudice to the Defendant.  Fifth, Defendant has joined, as third-party defendants, two agents who sold the Barnes their title policies so there would be no advantage to granting the motion.

Plaintiffs contend motions for leave to amend should be freely granted and courts routinely grant leave to substitute parties in class action litigation.

### **Standard of Review**

"Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part leave to amend shall be, "freely given when justice so requires." Fed. R.Civ.P. 15(a). "The Supreme Court has interpreted this statement to mean that, '[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.'" *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th

Cir.1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In general, the Sixth Circuit is 'very liberal' in permitting amendments." *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited. Inc .,* 179 F.R.D. 541, 550 (S.D. Ohio 1998), *aff'd.* 190 F.3d 729 (6th Cir.1999).

Plaintiffs cite to *Little Ceasar Enterprises v. Smith et al.,* 172 F.R.D. 236, 244 (E.D. Mich. 1997), for the proposition that substitution of class parties is common practice "where the current named class representatives are inadequate, adequate representatives are known and available as substitutes." *Little Ceasars* is distinguishable on procedural grounds, as the Magistrate Judge was considering the factors for class certification, specifically typicality, and recommended the Court grant class certification.  In a footnote, the Magistrate Judge suggested the Court could condition the class certification on Plaintiffs substituting an adequate class representative if the present named class representative were determined to be inadequate.  It was not on a Motion for Leave to Amend the Complaint rather, the recommendation was on the motion to certify the class.

*Little Ceasars* cites to *Carpenter v. Stephen F. Austin State University,* 706 F.2d 608 (5th Circ. 1983), for the proposition that substitution of class representatives is appropriate. However, *Carpenter* was limited to those situations where the class had already been certified and the class representatives were determined to be inadequate.  It is silent on substitution of parties prior to a class certification determination and is entirely silent on substitution by amendment to the Complaint. The *Little Ceasar's* case further relied on the dissent in *Davis v. Thornburgh*, 903 F.2d 212, 233 (3rd Cir. 1990), where the Court of Appeals upheld the dismissal of Plaintiff's class action claims for lack of standing.  The dissent argued the Court should have permitted Plaintiff to provide a substitute as the other requirements of Rule 23a were met.

Recent Sixth Circuit law expressly holds that substitution is improper when the original named plaintiff lacks standing to assert claims. See *Zangara v. Travelers Indemnity Co.,* Case No. 1:05CV731, unreported 2006 WL 825231 (N.D. Ohio 2006) citing *Zurich Ins. Co., v. Logitrans, Inc.* 297 F.3d 528 (6th Cir. 2002).

Plaintiffs quote *Muntz v. Ohio Screw Products,* 61 F.R.D. 396, 398 (N.D. Ohio, 1973), for the proposition that courts must treat class actions as class action even prior to certification. ("Prior to class certification or a determination that class certification is not warranted, the Court must treat the suit as a class action". (Plaintiffs Reply Brief page 3). However, the full quote from the *Muntz* case states, "[p]rior to class certification or a determination that class certification is not warranted, the Court must treat the suit as a class action *for purposes of dismissal or settlement*." (Emphasis added). The *Muntz* Court was confronted with a motion to amend a complaint eliminating the class allegations in order to facilitate a settlement by the named plaintiff. The Court denied the motion to amend because of the notice requirement in Fed. R. Civ. P. 23(e) to the putative class of the settlement and dismissal. The Court determined that no exception to the notice requirement existed and denied the motion to amend. The Court held that the notice requirement was no less relevant prior to certification than after certification. The language of the Court's ruling limits its holding to cases involving the notice requirement in settlement and dismissals of class allegations. Therefore, the Court does not find this case instructive on the issue of the wholesale substitution of named plaintiffs on a motion to amend. Furthermore, the United States Supreme Court has held unnamed class members in class action suits are considered parties only in limited circumstances (i.e. for notice of dismissal and settlement by named plaintiffs and standing to appeal settlements by named class

4

representatives, upon timely notice of objection). On the other hand, it has held unnamed class members are not parties for purposes of complete diversity jurisdiction. See *Devlin v. Scardelletti,* 536 U.S. 1 (2002). Furthermore, these classifications were of class members in an action where class certification had already been conditionally granted. Nothing in the *Devlin* opinion, which provoked sharp dissent by three Supreme Court justices, warrants the finding that unnamed putative class members should be considered parties for purposes of substitution.

The United States Supreme Court has held, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class ***who would have been parties had the suit been permitted to continue as a class action.***" *Crown, Cork & Seal Co., Inc. v. Parker,* 462 U.S. 345, 354-54, (1983), *quoting American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, (1974). (Emphasis added).

The Federal Rules of Civil Procedure do not support a determination that unnamed putative class members properly substituted would relate back to the original filing of the complaint. "While Rule 15(c) is framed in terms of an amendment that would change the party 'against' whom a claim is asserted and of the new party's ability to maintain a 'defense,' it is also applicable to a proposed change of plaintiffs." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 19 (2nd Circ. 1997); *see* Advisory Committee Notes to the 1966 amendment of Fed. R. Civ. P. 15 stating "the attitude taken ... toward change of defendants extends by analogy to amendments changing plaintiffs.")."Since the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." *Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir.1995). Accordingly, Plaintiffs' claims do not relate back to the filing of the original complaint. Though applied to the

substitution of Plaintiffs, by analogy, under the relation back provision of Rule 15(c), this case does not permit a relation back where Plaintiffs seek to amend to name new plaintiffs due to some mistake in identification. Rather, Plaintiffs seek to amend to substitute new parties because the defenses raised by Defendants present serious concerns that named plaintiffs may not have standing to assert the claims presently before this Court. Therefore, this Court finds that the proposed new Plaintiffs' claims do not relate back to the original complaint and must be defined as new parties and new claims. See *Javier H. v. Garcia-Botello,* --- F.R.D. ----, 2006 WL 2846850, (W.D.N.Y.,2006.) Presumably, the proposed new plaintiffs' title insurance purchase involved different agents, at different dates and times.

In *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644 (3d Cir.1998), *abrogation on other grounds recognized, Forbes v. Eagleson,* 228 F.3d 471 (3d Cir.2000), the Third Circuit held that prior to certification, the claims of putative class members who were not named plaintiffs were not before the Court until the class was certified. See also *Smith v. Berg,* Case No. Civ. A. 99 2133, 1999 WL 1081065, #3 (E.D. Pa.,1999.) (" The class must, however, be certified before it may become a class action. Until the putative class is certified, the action is one between the [individuals plaintiffs] and the defendants.") Therefore, this Court finds the proposed new plaintiffs are not current parties to the action prior to a ruling on certification. Therefore, the claims presented by the Hickmans in their proposed Second Amended Complaint involve claims of new parties.

Furthermore, the Court cannot grant Plaintiffs' Motion for Leave to Amend because the proposed amendment seeks to remove named Plaintiffs in favor of substitute Plaintiffs. Pursuant to Fed. R. Civ. P. 41(1), Plaintiffs cannot amend themselves out of this action as Defendant has

6

filed an answer and counterclaim against the named Plaintiffs. Pursuant to Rule 41, no voluntary dismissal can occur without the stipulation of Defendant and Plaintiffs' proposed Second Amended Complaint effectively dismisses current named Plaintiffs' causes of action against Defendant. No such stipulation of dismissal has occurred. Therefore, named Plaintiffs must remain in this action not only as counterclaim defendants but also as Plaintiffs. The Barnes' assertion that the they will retain their own counsel to represent them on the counterclaim does not relieve them of their obligation to prosecute their claims as alleged in the Complaint pursuant to Rule 41. Finally, the Court finds Plaintiffs have not filed a Motion for Joinder nor have proposed substitute Plaintiffs filed a Motion for Leave to Intervene.

Therefore, Plaintiffs' Motion to Amend is denied.

IT IS SO ORDERED.


February 7, 2007          s/Christopher A. Boyko
Date                      CHRISTOPHER A. BOYKO
                          United States District Judge